O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOANTRUST, SERIES 2005-WFIASSET BACKED PASS-THROUGH CERTIFICATE,<br><br>        Plaintiffs,<br><br>  v.<br><br>THERESA C. VILLAREAL; DAVID R. SYLVIA,<br><br>        Defendants. | Case No. CV 14-09582 DDP (Ex)<br><br>**ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** |

    Plaintiff initiated this unlawful detainer action against Defendant on June 23, 2014, in the Los Angeles County Superior Court concerning the property located at 24096 Avocado Lane, Santa Clarita, CA 91354. Defendant removed the action to this court on December 15, 2014, on the basis of federal question jurisdiction.

    Federal courts are courts of limited jurisdiction. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331. Alternatively, district courts may exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

"A suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009). The well-pleaded complaint rule dictates that "a federal question must appear on the face of a properly pleaded complaint." <u>Ansley v. Ameriquest Mortgage, Co.</u>, 340 F.3d 858, 861 (9th Cir. Cal. 2003) (citing <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470 (1998)). "Federal law" cannot be predicated on a defense or counterclaim. <u>Vaden</u>, 556 U.S. 49, 60 (2009). Defenses based on federal law are, therefore, insufficient to create federal jurisdiction. <u>See</u> <u>HSBC Bank USA v. Santiago</u>, No. CV 10-04127, 2011 WL 165382, at *1-2 (C.D. Cal. Jan. 18, 2011).

As the removing party, Defendant bears the burden of proving federal jurisdiction. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996); <u>see also</u> <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). If Defendant fails their burden, Title 28 U.S.C. § 1447(c) gives a federal court authority to remand a case to state court for lack of subject matter jurisdiction.

Defendant asserts that removal is proper on the basis of federal question jurisdiction. Defendant asserts that "Plaintiff's claim is based upon a notice which expressly references and incorporates the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201." (Notice of Removal ¶ 7.) However, the only

2

1  cause of action in the Complaint is unlawful detainer to recover
2  possession of real property under California Code of Civil
3  Procedure Section 1161(a). (Complaint, ¶ 5.) "An unlawful
4  detainer action is a true state law claim." <u>Fed. Nat. Mortgage</u>
5  <u>Ass'n v. Tinoco</u>, 2012 WL 3279288, at *2 (C.D. Cal. Aug. 9, 2012).
6  Because the sole claim arises under state law, there is no basis
7  for federal question jurisdiction.
8      While Defendant may assert defenses rooted in federal law,
9  specifically, relating to the proper eviction proceeding, such
10 defenses do not confer federal subject matter jurisdiction.
11 (Notice of Removal ¶ 7.) Therefore, Defendant has not met her
12 burden to show that this court may exercise jurisdiction over the
13 instant action.
14     Accordingly, the court REMANDS this action to Los Angeles
15 County Superior Court.

18 IT IS SO ORDERED.

21 Dated: March 4, 2015

                                     DEAN D. PREGERSON
                                     United States District Judge